**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: SEAMAN, THOMAS SCOTT § Case No. 11-47911 | |
| SEAMAN, JERI M. § | |
| § | |
| Debtor(s) § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on November 29, 2011. The undersigned trustee was appointed on November 29, 2011.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of         $         44,972.96

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 3,914.69 |
   | Bank service fees | 42.59 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 3,707.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]     $ | 37,308.68 |

   The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was / / and the deadline for filing governmental claims was 05/27/2012. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $4,876.60. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $4,876.60, for a total compensation of $4,876.60.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $30.06, for total expenses of $30.06.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/18/2012        By:/s/KAREN R. GOODMAN
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 11-47911  
**Case Name:** SEAMAN, THOMAS SCOTT  
SEAMAN, JERI M.  
**Period Ending:** 07/18/12

**Trustee:** (520191)   KAREN R. GOODMAN  
**Filed (f) or Converted (c):** 11/29/11 (f)  
**§341(a) Meeting Date:** 01/11/12  
**Claims Bar Date:**

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | One-quarter beneficial interest in Land Trust | Unknown | 0.00 | | 44,679.96 | FA |
| 2 | 1517 Race Street, Western Springs - one single f<br>    Orig. Asset Memo: Imported from original petition Doc# 1 | 385,000.00 | 0.00 | | 0.00 | FA |
| 3 | Checking Account Location: In debtor's possessio<br>    Orig. Asset Memo: Imported from Amended Doc#: 26 | 1.17 | 1.17 | DA | 0.00 | FA |
| 4 | Hinsdale Bank Savings Account Location: In debto<br>    Orig. Asset Memo: Imported from Amended Doc#: 26 | 26.45 | 26.45 | DA | 0.00 | FA |
| 5 | Household Goods and Furnishings. Five of furnitu<br>    Orig. Asset Memo: Imported from Amended Doc#: 26 (See Footnote) | 3,000.00 | 3,000.00 | | 0.00 | FA |
| 6 | Family pictures Location: In debtor's possession<br>    Orig. Asset Memo: Imported from Amended Doc#: 26 | 600.00 | 0.00 | | 0.00 | FA |
| 7 | Music/media and dvds Location: In debtor's posse<br>    Orig. Asset Memo: Imported from Amended Doc#: 26 | 500.00 | 0.00 | | 0.00 | FA |
| 8 | Clothing for one man Location: In debtor's posse<br>    Orig. Asset Memo: Imported from Amended Doc#: 26 | 500.00 | 0.00 | | 0.00 | FA |
| 9 | Clothing for one woman Location: In debtor's pos<br>    Orig. Asset Memo: Imported from Amended Doc#: 26 | 1,000.00 | 0.00 | | 0.00 | FA |
| 10 | Thrift store fur and wedding ring Location: In d<br>    Orig. Asset Memo: Imported from Amended Doc#: 26 | 1,100.00 | 100.00 | | 0.00 | FA |
| 11 | 2 used shotguns, golf clubs and Huffy bike Locat<br>    Orig. Asset Memo: Imported from Amended Doc#: 26 (See Footnote) | 1,050.00 | 1,050.00 | | 0.00 | FA |
| 12 | Term Life Insurance. No cash value. Both debtors<br>    Orig. Asset Memo: Imported from Amended Doc#: 26 | 0.00 | 0.00 | | 0.00 | FA |

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 11-47911  
**Case Name:** SEAMAN, THOMAS SCOTT  
SEAMAN, JERI M.  
**Period Ending:** 07/18/12  

**Trustee:** (520191) KAREN R. GOODMAN  
**Filed (f) or Converted (c):** 11/29/11 (f)  
**§341(a) Meeting Date:** 01/11/12  
**Claims Bar Date:**

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 13 | 401k husband Location: In debtor's possession<br>Orig. Asset Memo: Imported from Amended Doc#: 26 | 60,000.00 | 0.00 | | 0.00 | FA |
| 14 | One share of Walmart stock Location: In debtor's<br>Orig. Asset Memo: Imported from Amended Doc#: 26 | 0.00 | 0.00 | | 0.00 | FA |
| 15 | DUPLICATE<br>Orig. Asset Memo: Imported from Amended Doc#: 26 | 0.00 | 0.00 | | 0.00 | 0.00 |
| 16 | Possible income tax refund Location: In debtor's<br>Orig. Asset Memo: Imported from original petition Doc# 1 | 2,793.00 | 0.00 | | 0.00 | FA |
| 17 | 1997 Toyota Ray approx. 110,000 miles. Average c<br>Orig. Asset Memo: Imported from Amended Doc#: 26 | 1,907.00 | 0.00 | DA | 0.00 | FA |
| 18 | 2002 Chevy Venture. Approx. 147,000 miles. Avera<br>Orig. Asset Memo: Imported from Amended Doc#: 26 | 2,105.00 | 0.00 | | 0.00 | FA |
| 19 | 94 Buick. Average condition for age. Location: I<br>Orig. Asset Memo: Imported from Amended Doc#: 26 | 500.00 | 293.00 | | 293.00 | FA |
| 20 | Income tax refund Location: In debtor's possessi<br>Imported from Amended Doc#: 26 | 2,793.00 | 0.00 | | 0.00 | FA |
| 20 | **Assets Totals** (Excluding unknown values) | **$462,875.62** | **$4,470.62** | | **$44,972.96** | **$0.00** |

RE PROP# 5    Unlikely sale of used furnishings will exceed cost of sale.  
RE PROP# 11   Unlikely sale of used items will result in recovery that will exceed cost of sale.

**Major Activities Affecting Case Closing:**

File TFR.

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 11-47911  
**Case Name:** SEAMAN, THOMAS SCOTT  
　　　　　　　SEAMAN, JERI M.  
**Period Ending:** 07/18/12

**Trustee:**　　(520191)　　KAREN R. GOODMAN  
**Filed (f) or Converted (c):** 11/29/11 (f)  
**§341(a) Meeting Date:** 01/11/12  
**Claims Bar Date:**

| 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property)<br>Ref. # | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|

**Initial Projected Date Of Final Report (TFR):**　　August 31, 2012　　　**Current Projected Date Of Final Report (TFR):**　　August 31, 2012

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| | |
|---|---|
| **Case Number:** 11-47911 | **Trustee:** KAREN R. GOODMAN (520191) |
| **Case Name:** SEAMAN, THOMAS SCOTT | **Bank Name:** The Bank of New York Mellon |
| SEAMAN, JERI M. | **Account:** 9200-******70-66 - Checking Account |
| **Taxpayer ID #:** **-***2410 | **Blanket Bond:** $61,494,000.00 (per case limit) |
| **Period Ending:** 07/18/12 | **Separate Bond:** N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 06/12/12 | | First American Title Insurance Co. | Sale of Debtor's interest in land trust per Court Order dated 5/22/12 | | 41,058.27 | | 41,058.27 |
| | {1} | | Proceeds from sale of 1/4 beneficial interest in land trust per court order dated 5/22/12   42,832.00 | 1129-000 | | | 41,058.27 |
| | {1} | | Taxes returned to 1/4 beneficial interest holder   2,974.84 | 1129-000 | | | 41,058.27 |
| | {1} | | Ernest Money   -1,126.88 | 1129-000 | | | 41,058.27 |
| | | | Real Estate Broker Commission   -906.25 | 3510-000 | | | 41,058.27 |
| | | | Title Fees paid at closing   -552.31 | 2500-000 | | | 41,058.27 |
| | | | Survey fee paid at closing   -112.50 | 2500-000 | | | 41,058.27 |
| | | | Attorney fee paid at closing   -112.50 | 3210-000 | | | 41,058.27 |
| | | | Real Estate taxes paid at closing   -2,231.13 | 2820-000 | | | 41,058.27 |
| | {19} | | Equity deducted from Debtor's exemption   293.00 | 1129-000 | | | 41,058.27 |
| 06/18/12 | 101 | Jeri Seaman | Debtor's wildcard exemption less equity in Buick | 8100-002 | | 3,707.00 | 37,351.27 |
| 06/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 42.59 | 37,308.68 |
| | | | **ACCOUNT TOTALS** | | 41,058.27 | 3,749.59 | **$37,308.68** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | 41,058.27 | 3,749.59 | |
| | | | Less: Payments to Debtors | | | 3,707.00 | |
| | | | **NET Receipts / Disbursements** | | **$41,058.27** | **$42.59** | |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| Checking # 9200-******70-66 | 41,058.27 | 42.59 | 37,308.68 |
| | $41,058.27 | $42.59 | $37,308.68 |

{} Asset reference(s)                                                                                             Printed: 07/18/2012 01:03 PM   V.13.02

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-47911
Case Name: SEAMAN, THOMAS SCOTT
Trustee Name: KAREN R. GOODMAN

**Balance on hand:** $ 37,308.68

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 37,308.68

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - KAREN R. GOODMAN | 4,876.60 | 0.00 | 4,876.60 |
| Trustee, Expenses - KAREN R. GOODMAN | 30.06 | 0.00 | 30.06 |
| Attorney for Trustee, Fees - SHEFSKY & FROELICH, LTD | 3,645.00 | 0.00 | 3,645.00 |
| Accountant for Trustee, Fees - ALAN D. LASKO | 1,825.00 | 0.00 | 1,825.00 |
| Accountant for Trustee, Expenses - ALAN D. LASKO | 15.30 | 0.00 | 15.30 |

Total to be paid for chapter 7 administration expenses: $ 10,391.96
Remaining balance: $ 26,916.72

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 26,916.72

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses listed above by the Main Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 26,916.72

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 60,165.36 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 44.7 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Commerce Bank | 4,086.37 | 0.00 | 1,828.17 |
| 2 | Quantum3 Group LLC as agent for | 767.21 | 0.00 | 343.23 |
| 3 | Capital One, N.A. | 2,297.74 | 0.00 | 1,027.96 |
| 4 | Drs. Girgis & Associates | 785.92 | 0.00 | 351.60 |
| 5 | Credit First National Association | 2,087.85 | 0.00 | 934.06 |
| 6 | Citibank, N.A. | 130.32 | 0.00 | 58.30 |
| 7 | Capital One Bank (USA), N.A. | 11,232.28 | 0.00 | 5,025.09 |
| 8 | Von Maur | 383.69 | 0.00 | 171.65 |
| 9 | GE Capital Retail Bank | 235.13 | 0.00 | 105.19 |
| 10 | Discover Bank | 4,680.14 | 0.00 | 2,093.80 |
| 11 | WORLD'S FOREMOST BANK | 6,896.23 | 0.00 | 3,085.23 |
| 12 | PYOD, LLC its successors and assigns as assignee | 15,351.58 | 0.00 | 6,867.97 |
| 13 | PYOD, LLC its successors and assigns as assignee | 11,230.90 | 0.00 | 5,024.47 |

Total to be paid for timely general unsecured claims: $ 26,916.72
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

**UST Form 101-7-TFR (05/1/2011)**