## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| SEAMAN, THOMAS SCOTT | ) | |
| SEAMAN, JERI M. | ) | CASE NO. 11-47911 |
| | ) | |
| | ) | JUDGE EUGENE R. WEDOFF |
| Debtors | ) | |

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant: Alan D. Lasko & Associates, P.C.

Authorized to Provide
Professional Services to: Trustee

Date of Order Authorizing Employment: May 29, 2012

Period for Which
Compensation is sought: 5/29/12 – 7/5/12

Amount of Fees sought: $1,825.00

Amount of Expense
Reimbursement sought: $15.30

This is an:          Interim Application _____          Final Application X _____

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:

$0.00

Date: 7/18/12                    By: Alan D. Lasko & Associates, P.C.
                                        Applicant

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Estate of Thomas S. and Jeri M. Seaman | ) | No. 11 B 47911 |
| | ) | |
| 38-7042410 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| | ) | Hon. Eugene R. Wedoff |

### FIRST AND FINAL APPLICATION
### OF ALAN D. LASKO & ASSOCIATES, P.C.
### FOR ALLOWANCE COMPENSATION AND EXPENSES

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C.,** Certified Public Accountants, request first and final compensation of $1,825.00 and expenses of $15.30 for the time period from May 29, 2012 through July 5, 2012.  A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant.  Additional detail is provided to reflect the function and individual performing said services.  Lastly, each individual's classification and hourly rate is also reflected.  In addition, attached is the Affidavit pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this First and Final Fee Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

ESTATE OF THOMAS S. AND JERI M. SEAMAN

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates and other employees, or (b) any compensation another person or party has received or may receive in these cases.

**GENERAL**

The Debtor filed a petition under Chapter 7 on or about November 29, 2011. A Trustee was subsequently appointed. On May 29, 2012, Alan D. Lasko & Associates, P.C. was approved by the Court issued as the accountants for the Trustee. Reflected in this Fee Application is the Applicant's time for the preparation of the Estate's initial and final year 2012 income tax return.

**FEE APPLICATION**

The fees sought by this First and Final Fee Application reflect an aggregate of 13.8 hours of ADLPC's time spent and recorded in performing services during the First and Final Compensation Period. This fee request does not include time that might be construed as

2

**ESTATE OF THOMAS S. AND JERI M. SEAMAN**

duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which first and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

ESTATE OF THOMAS S. AND JERI M. SEAMAN

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

## BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

Cost                    $113.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.2 | $ 270.00 | $ 54.00 |
| C. Wilson, Staff | 1.0 | 59.00 | 59.00 |
|  | 1.2 |  | $ 113.00 |

## TAX PREPARATION

The Applicant incurred 12.6 hours in the preparation of the Estate's initial and final year 2012 workpapers and year-end tax returns.

Cost                    $1,712.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 1.4 | $ 270.00 | $ 378.00 |
| L. Li, Accounting Supervisor | 5.0 | 180.00 | 900.00 |
| J. Lasko, Staff | 6.2 | 70.00 | 434.00 |
|  | 12.6 |  | $ 1,712.00 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in

4

## ESTATE OF THOMAS S. AND JERI M. SEAMAN

interest to evaluate this fee request, your Applicant has reflected below the range of rates charged

by staff level.

| | | | |
|---|---|---|---|
| Owner | $250 | - | $275 |
| Manager/Director | 220 | - | 250 |
| Supervisors | 160 | - | 220 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in

accordance with its employment, ADLPC has summarized the services provided by the project

billing categories for its first and final fee period are as follows:

| Recap by Project | Amount |
|---|---|
| Billing | $ 113.00 |
| Tax Preparation | 1,712.00 |
| Net Request | $ 1,825.00 |

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 1.2 | $ 113.00 | $ 94.17 |
| Tax Preparation | 12.6 | 1,712.00 | $ 135.87 |
| | 13.8 | $ 1,825.00 | $ 132.25 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead

expenses incurred in connection with the client's case that would not have been incurred except

for representation of that particular client.  It is the Firm's policy to charge its client only the

amount actually incurred by the Firm in connection with such items.  Examples of such expenses

are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

| Copy Costs | $ | 10.40 |
|------------|---|-------|
| Postage    |   | 4.90  |
|            | $ | 15.30 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary

and appropriate to the administration of the Chapter 7 case and was in the best interests of the

parties in interest.  Compensation for the foregoing services as requested is commensurate with

the complexity, importance, and nature of the problems, issues, or tasks involved.  ADLPC has

taken significant efforts to ensure that the professional services were performed with expedience

and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the

Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and

reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets

forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should
> consider the nature, the extent, and the value of such services, taking into account all
> relevant factors, including.
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;

6

## ESTATE OF THOMAS S. AND JERI M. SEAMAN

     (C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

     (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

     (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this First and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this First and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended,

7

ESTATE OF THOMAS S. AND JERI M. SEAMAN

was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the first and final compensation sought herein for the Compensation Period is warranted.

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested first and final compensation of $1,825.00 and expenses of $15.30 should be allowed for services by your Applicant for the period May 29, 2012 through July 5, 2012.

_____
Alan D. Lasko

Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois 60603
(312) 332-1302

8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Estate of Thomas S. and Jeri M. Seaman | ) | No. 11 B 47911 |
| | ) | |
| 38-7042410 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Eugene R. Wedoff |

### AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
         )      SS.
COUNTY OF COOK )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1. I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Karen R. Goodman, Chapter 7 Trustee in this case ("Trustee").

2. I have read the First and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3. Lasko has not previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

FURTHER AFFIANT SAYETH NOT.

_____
Alan D. Lasko

Subscribed and Sworn to before me
this _____ day of July, 2012.

_____
Notary Public

```
OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/10/16
```

9

**EXHIBIT A**

**ORDER OF EMPLOYMENT**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   11-47911 |
| SEAMAN, THOMAS SCOTT and JERI M., | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER AUTHORIZING EMPLOYMENT OF ACCOUNTANT

THIS CAUSE COMING on to be heard upon the Trustee's Motion to Employ Alan D. Lasko and the accounting firm of Alan D. Lasko & Associates, Inc. ("Lasko"), as accountants for the Trustee, due notice having been given and the Court finding that Alan D. Lasko and the accounting firm of Alan D. Lasko & Associates, Inc. are disinterested persons within the meaning of 11 U.S.C. §101(14);

IT IS HEREBY ORDERED that the Trustee is authorized to employ Alan D. Lasko of the accounting firm of Alan D. Lasko & Associates, Inc., certified public accountants, and with all compensation to be paid as an administrative expense in such amount as this Court may hereinafter determine and allow upon proper application.

Enter:

Honorable Eugene R. Wedoff
United States Bankruptcy Judge ⸺⸺⸺⸺

Dated:  May 29, 2012

**Prepared by:**

Karen R. Goodman (I.D. #1008242)
Shefsky & Froelich Ltd.
111 East Wacker Drive, Suite 2800
Chicago, Illinois  60601-3713
Telephone:  (312) 527-4000
Facsimile:  (312) 275-7570

**EXHIBIT B**

**PERSONNEL**

## ESTATE OF THOMAS S. AND JERI M. SEAMAN

The following represents a description of the primary individuals in this engagement.

### Alan D. Lasko – CPA, CIRA, CFF

Mr. Lasko has worked primarily in the bankruptcy field over the last 26 years. He brings his 36 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF). Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society. Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics. Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

### Luyan Li, CPA, CVA, Ph.D. – Accounting/Valuation Supervisor

Ms. Li has 6 years of valuation experience and 8 years of performing accounting and tax services. She has a B.A. from Xi An Jiao Tong University in China and a Ph.D. in Communications Studies from Northwestern University in Evanston. She is a Certified Public Accountant and a member of the American Institute of Certified Public Accountants and the Illinois CPA Society. She is also certified by the National Association of Valuation Analysts for her valuation certificate. In addition, she is a Certified QuickBooks ProAdvisor.

**ESTATE OF THOMAS S. AND JERI M. SEAMAN**

Joseph Lasko – Staff

Mr. Lasko is a first-year intern staff person performing accounting and tax services.  Mr. Lasko

has a Bachelor's Degree in Marketing from the University of Iowa.

**EXHIBIT C**

**STAFF LEVELS**

ESTATE OF THOMAS S. AND JERI M. SEAMAN

## STAFF LEVEL – SUPERVISORS, SENIORS AND ASSISTANTS

SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level. Supervisors have administrative and overview responsibility on a broader level than senior accountants. Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level. Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court. In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

ASSISTANTS

Staff assistants usually execute basic assignments or tasks. In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

**<u>EXHIBIT D</u>**

**<u>ACTUAL TIME FROM TIME SLIPS</u>**

7/5/2012                                     Alan D. Lasko & Associates, P.C.
8:54 AM                                              Pre-bill Worksheet                                Page      1

---

## Selection Criteria

| Clie.Selection | Include: Seamon; Seamon.002; Seamon.012 |
|---|---|

Nickname        Seamon.002 | 4048
Full Name       Estate of Thomas Scott Seamon
Address         c/o Karen R. Goodman, Trustee
                111 E. Wacker Drive
                Suite 2800
                Chicago IL 60601
Phone 1                         Phone 2
Phone 3                         Phone 4
In Ref To       tax preparation
Fees Arrg.      By billing value on each slip
Expense Arrg.   By billing value on each slip
Tax Profile     Exempt
Last bill
Last charge     6/29/2012
Last payment                    Amount      $0.00

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 6/15/2012 108098 | A. Lasko 800 | 270.00 | 0.40 | 108.00 | Billable |
| | review of data received from trustee and set up staff for intial work | | | | |
| 6/15/2012 108100 | J. Lasko 800 | 70.00 | 2.10 | 147.00 | Billable |
| | researched performed related to the acquistiion cost or time period of property sold by debtor | | | | |
| 6/15/2012 108102 | J. Lasko 800 | 70.00 | 1.60 | 112.00 | Billable |
| | iniital preparation of workpapers and tax returns for final short period | | | | |
| 6/19/2012 108119 | J. Lasko 800 | 70.00 | 0.70 | 49.00 | Billable |
| | preparation of workpapers and tax returns - changes and additions | | | | |
| 6/22/2012 108190 | L. Li 800 | 180.00 | 0.60 | 108.00 | Billable |
| | Review estate of Thomas and Jeri Seaman workpapers. Talk to staff Joe for him to make necessary changes. | | | | |
| 6/22/2012 108193 | J. Lasko 800 | 70.00 | 0.40 | 28.00 | Billable |
| | Updated work papers and return per reviewer's request. | | | | |

7/5/2012                          Alan D. Lasko & Associates, P.C.
8:54 AM                              Pre-bill Worksheet                                    Page    2

Seamon.002:Estate of Thomas Scott Seamon (continued)

| Date<br>ID | User<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 6/25/2012 L. Li<br>108211 800 | | 180.00 | 3.00 | 540.00 | Billable |
| | Review Estate of Thomas and Jeri Seaman workpapers and tax returns | | | | |
| 6/28/2012 A. Lasko<br>108295 800 | | 270.00 | 0.40 | 108.00 | Billable |
| | tax review of loss calculation and discharge calculation | | | | |
| 6/29/2012 A. Lasko<br>108305 800 | | 270.00 | 0.20 | 54.00 | Billable |
| | prepared irs 60 day letter for inital and final short period 2012 | | | | |
| 6/29/2012 A. Lasko<br>108306 800 | | 270.00 | 0.40 | 108.00 | Billable |
| | sign off of federal and state returns and irs 60 day copy and letter for 2012 | | | | |
| 6/29/2012 J. Lasko<br>108307 800 | | 70.00 | 1.40 | 98.00 | Billable |
| | Estimated time to prepare estate's final information tax returns for 2012<br>and cover letter to trustee | | | | |
| 6/29/2012 L. Li<br>108308 800 | | 180.00 | 1.40 | 252.00 | Biliable |
| | Estimated time to review estate's final information tax returns and cover<br>letter totrustee | | | | |

| TOTAL | Billable Fees | | 12.60 | | $1,712.00 |
|---|---|---|---|---|---|

| Date<br>ID | User<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 6/29/2012 C. Wilson<br>108332 115 | | 10.40 | 1.000 | 10.40 | Billable |
| | Photocopy costs for 2012 Forms 1041 income tax returns - 104 pages @<br>$.10 per page. | | | | |
| 6/29/2012 C. Wilson<br>108333 105 | | 4.90 | 1.000 | 4.90 | Billable |
| | Postage for 2012 Forms 1041 income tax returns send to Karen Goodman. | | | | |

| TOTAL | Billable Costs | | | | $15.30 |
|---|---|---|---|---|---|

7/5/2012                          Alan D. Lasko & Associates, P.C.
8:54 AM                               Pre-bill Worksheet                        Page      3

Seamon.002:Estate of Thomas Scott Seamon (continued)

---

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips<br>By billing value on each slip. | | |
| Total of billable time slips<br>Total of Fees (Time Charges) | $1,712.00 | $1,712.00 |
| Costs Bill Arrangement: Slips<br>By billing value on each slip. | | |
| Total of billable expense slips<br>Total of Costs (Expense Charges) | $15.30 | $15.30 |
| Total new charges | | $1,727.30 |
| New Balance<br>Current | $1,727.30 | |
| Total New Balance | | $1,727.30 |

7/5/2012                              Alan D. Lasko & Associates, P.C.
8:54 AM                                  Pre-bill Worksheet                                    Page    4

Nickname        Seamon.012 | 4049
Full Name       Estate of Thomas Scott Seamon
Address         c/o Karen R. Goodman, Trustee
                111 E. Wacker Drive
                Suite 2800
                Chicago IL 60601
Phone 1                            Phone 2
Phone 3                            Phone 4
In Ref To       fee petition
Fees Arrg.      By billing value on each slip
Expense Arrg.   By billing value on each slip
Tax Profile     Exempt
Last bill
Last charge     7/5/2012
Last payment                       Amount      $0.00

| Date ID | User Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-----------|---------------|----------------|----------------|-------|
| 7/2/2012 108335 | C. Wilson 800 | 59.00 | 1.00 | 59.00 | Billable |
|  | Prepared fee petition. |  |  |  |  |
| 7/5/2012 108389 | A. Lasko 800 | 270.00 | 0.20 | 54.00 | Billable |
|  | prepared fee petition |  |  |  |  |
| TOTAL | Billable Fees |  | 1.20 |  | $113.00 |

Total of billable expense slips                                                                $0.00

---

### Calculation of Fees and Costs

|  | Amount | Total |
|--|--------|-------|
| Fees Bill Arrangement: Slips By billing value on each slip. |  |  |
| Total of billable time slips | $113.00 |  |
| Total of Fees (Time Charges) |  | $113.00 |
| Total of Costs (Expense Charges) |  | $0.00 |
| Total new charges |  | $113.00 |
| New Balance Current | $113.00 |  |

7/5/2012                        Alan D. Lasko & Associates, P.C.
8:54 AM                             Pre-bill Worksheet                          Page      5

Seamon.012:Estate of Thomas Scott Seamon (continued)

|  | Amount | Total |
|---|---|---|
| Total New Balance | | $113.00 |