IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| SEAMAN, THOMAS SCOTT | ) | |
| SEAMAN, JERI M. | ) | CASE NO. 11-47911 |
| | ) | JUDGE EUGENE R. WEDOFF |
| | ) | |
| Debtors | | |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant: Shefsky & Froelich Ltd.

Authorized to Provide
Professional Services to: Trustee

Date of Order Authorizing Employment: February 29, 2012, effective as of January 11, 2012.

Period for Which
Compensation is sought: 1/11/12 – 7/12/12

Amount of Fees sought: $3,645.00

Amount of Expense
Reimbursement sought: 0.00

This is an:    Interim Application _____    Final Application X _____

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:

$0.00

Date: 7/18/12            By: Shefsky & Froelich, Ltd.
                              Applicant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: <br>     SEAMAN, THOMAS SCOTT and <br>     JERI M., <br><br>               DEBTORS. | ) Chapter 7 <br> ) <br> ) CASE NO: 11 B 47911 <br> ) <br> ) <br> ) HONORABLE EUGENE R. WEDOFF <br> ) BANKRUPTCY JUDGE |

### FIRST AND FINAL APPLICATION OF COUNSEL FOR THE TRUSTEE FOR COMPENSATION

The law firm of Shefsky & Froelich Ltd., as Counsel for the Trustee ("Applicant"), in support of its First and Final Application for Compensation pursuant to 11 U.S.C. §§330 and 327 and Federal Rule of Bankruptcy Procedure 2016, respectfully states as follows:

### I.    INTRODUCTION

This Application is the First and Final Application filed by Applicant as counsel for the Trustee as to the above-referenced case and is for the period of time between January 11, 2012 and July 12, 2012 (hereinafter referred to as the "Application Period"), inclusive.

On November 29, 2011, Thomas Scott and Jeri M. Seaman ("Debtors") filed a Petition for voluntary relief under Chapter 7 of the United States Bankruptcy Code. Shortly thereafter, Karen R. Goodman was appointed Trustee of this Estate.

On February 29, 2012, this Court entered an Order ("Order") authorizing the retention of Applicant as counsel for the Trustee, effective as of January 11, 2012. The Order further provided that the compensation and reimbursement of Applicant's fees and expenses would remain subject to the jurisdiction and approval of this Court. The Debtors' Schedules reflect that Jeri M. Seaman ("Jeri") was the owner of a one-quarter (1/4) beneficial interest in the Land Trust which holds title to property located at 3904 Rose Avenue, Western Springs, Illinois ("Property"), a single family home inherited from the father of the beneficiaries of the Land Trust. After consultation with the real estate broker who had been retained by the beneficiaries to sell the Property, the Trustee determined that Jeri's interest in the capital Property had value to

the Estate and retained the beneficiaries' broker pursuant to Court Order as the real estate broker for the Estate's interest in the Property. The broker received an offer to purchase the Property for $172,500.00. After consultation with the broker and review of the history of the Property, which had been on the market for over three years, was vacant and in a state of disrepair, the Trustee directed Applicant to prepare a Motion to Sell Beneficial Interest in Land Trust to the buyers for $172,500.00. Applicant prepared the Motion, which was granted by the Court. The net proceeds of the sale of Jeri's interest in the Property resulted in recovery for the Estate in an amount in excess of $43,000, from which Jeri was paid her claimed wildcard exemption[1].

Applicant also provided services relating to the retention of the professionals in this case.

Applicant requests compensation in the amount of $3,645.00 for the 8.1 hours of services performed in this case by Applicant during the Application Period.

## II. LEGAL SERVICES PROVIDED

For ease of reference in this Application, Applicant has created categories of legal service or areas of performance. Each category contains a narrative of the matters involved, a general description of tasks performed, and the result achieved or benefit to the Estate, all as set forth in In re Continental Illinois Securities Litigation, 572 F.Supp. 931 (N.D. Ill. 1983). Attached hereto and incorporated herein as Exhibit "A" are the detailed time records of Applicant, separated by category of service rendered. The legal services performed by Applicant as described in Exhibit "A" attached hereto are set forth to meet the enumerated criteria of In re Wildman, 73 B.R. 700 (Bankr. N.D. Ill. 1987) and In re Pettibone Corporation, 74 B.R. 293 (Bankr. N.D. Ill. 1987). The major categories of activities in which Applicant was engaged and/or participated were:

A. Activities Related to Sale of Jeri's Interest in Land Trust

B. Activities Related to Professionals

---

[1] Because the Property was held in a Land Trust, proceeds of the sale were considered personal property subject to the wild card exemption rather than real property, which would not have been entitled to a homestead exemption as Jeri did not reside in the Property.

2

Applicant submits that the efforts put forth amply support the allowance of the compensation requested herein. The services rendered by Applicant, separated by category, are as follows:

### A. ACTIVITIES RELATED TO SALE OF JERI'S INTEREST IN LAND TRUST

At the Trustee's request, Applicant prepared and filed a Motion to Sell the Beneficial Interest in the Land Trust.

#### BENEFIT TO THE ESTATE

Applicant's efforts in this category efficiently and successfully resulted in the sale of Jeri's interest in the Land Trust, which was the most significant asset of the Estate. The sale will result in a recovery to unsecured creditors as well as payment in full of all administrative expenses.

**Summary**
**Hours & Fees for Category**

| | | | |
|---|---|---|---|
| KRG | Karen R. Goodman | 2.5 hours @ $450/hr | **$1,125.00** |

### B. ACTIVITIES RELATED TO PROFESSIONALS

This category sets forth Applicant's efforts regarding the Trustee's retention of Applicant, the real estate broker and accountants for the Estate.

#### BENEFIT TO THE ESTATE

As a result of Applicant's efforts in this category, the professionals employed by the Trustee in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules, as they are implemented in this jurisdiction, have greatly assisted in the administration of the Estate.

**Summary**
**Hours & Fees for Category**

| | | | |
|---|---|---|---|
| KRG | Karen R. Goodman | 5.6 hours @ $450/hr | **$2,520.00** |


3

## II. PROFESSIONALS EMPLOYED

Applicant provided the skill and experience of the following attorney on behalf of the Trustee:

**KAREN R. GOODMAN (KRG)** is a 1977 graduate of Loyola University School of Law, a former partner in the law firm of Hinshaw & Culbertson and a current shareholder in the law firm of Shefsky & Froelich Ltd. Ms. Goodman regularly represents Debtors, Creditors, Creditors' Committees, Trustees and other parties before the Bankruptcy Court and handles litigation of other commercial matters in Federal and State Court. She is a member of the Federal Trial Bar, the Illinois and Chicago Bar Association, the Chicago Bar Association Bankruptcy and Reorganization Committee, the National Association of Bankruptcy Trustees and the American Bankruptcy Institute. Ms. Goodman has been a member of the Panel of the Chapter 7 Trustees of the Northern District of Illinois since 1989.

## III. APPLICANT'S STATEMENT PURSUANT TO 11 U.S.C. §329, §504 AND BANKRUPTCY RULE 2016

Except with respect to the sharing of compensation authorized under §505(b) of the Bankruptcy Code, Applicant has not shared or agreed to share any award of fees received in connection with this case with any person, firm or entity. There does not exist any agreement or understanding between Applicant, associates or employees and any other person, firm or entity with respect to the sharing of compensation herein. No agreements or understanding exist regarding compensation with any person, firm or entity.

## IV. STANDARDS FOR REVIEW OF APPLICATION

Every effort has been made to prepare this Application in accordance with the guidelines established in the cases of In re Continental Securities Litigation, 572 F.Supp. 932 (N.D. Ill. 1983), In re Wildman, 72 B.R. 700 (Bankr. N.D. Ill. 1987), and In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987). While the Court has wide discretion in reviewing a fee application,

such authority must be dispensed with great care and fairness, In re Wildman, 72 B.R. at 705, while keeping in mind that the well-accepted goal is to encourage and induce capable attorneys to practice in the Bankruptcy Court. In re Pettibone. 74 B.R. at 306. Moreover, the Court should focus on the benefits to the estate and the quality of the performance of counsel in the context of the case as a whole. See, In re Boston & Marine Corporation. 726 F. 2d 2 (1st Cir. 1985).

Applicant further suggests that the Application should be viewed within the context of being presented by and on behalf of counsel for a Trustee who have provided value and a benefit to this Estate by their independence and presence in the case.

Applicant does not apply a uniform amount of time to a particular activity. The time entries listed in Exhibit A have been kept on a tenth (1/10) of an hour basis and reflect actual time spent by the attorney to whom the time is attributed. The Court, however, should be sensitive to the reality that sometimes bankruptcy cases do not lend themselves to meticulous timekeeping. Often times an attorney's need to concentrate, the press of time, and the emotion and energy involved interferes with timekeeping and exacting detail. Although great care has been utilized to keep accurate time, the Court should focus on the great benefit to the estate accomplished by the services performed by Applicant in the context of the entire case. In re Boston & Marine Corp., 726 F.2d at 10.

Applicant has further endeavored to avoid grouping a number of unrelated activities into the same time entry. The Court should, however, acknowledge that in a case involving various complex issues, such as those presented in this case, meetings and telephone conferences will involve the discussions of numerous topics and several telephone calls may be made to a number of parties in rapid succession on one or more topics. The entries elaborated describe each activity, and in many cases, the necessity thereof. Such grouping is unavoidable to a certain extent, but the informative explanation contained in Exhibit A serves to further describe and delineate the time spent.

5

## V. CONCLUSION AND REQUEST FOR ALLOWANCE AND PAYMENT OF COMPENSATION

For the above and foregoing reasons, and in consideration of the time and labor required and performed in this case; the novelty and difficulty of the matters herein; the skill required to properly and efficiently perform the legal services outlined above; the customary fees involved in comparable cases; the experience, reputation and ability of Applicant and especially in light of the results achieved, Applicant respectfully requests the attorneys fees in the amount of $3,645.00 be determined reasonable and justified, that the fees requested be allowed and payment thereof be made forthwith.

WHEREFORE, Applicant respectfully prays that it be awarded reasonable compensation of $3,645.00 for legal services rendered in this case and for such further relief as this Court may deem just.

Respectfully submitted,

SHEFSKY & FROELICH LTD.

By: /s/ Karen R. Goodman
    One of its Attorneys

Karen R. Goodman (1008242)
SHEFSKY & FROELICH LTD.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone No.: (312) 527-4000
Fax No.: (312) 527-2015

1216727_1

6